13-82(L)
Haywood v. St. Michael's College, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN D. HAYWOOD,

                    <u>Plaintiff-Appellant</u>,

         -v-                                      13-82 (Lead)
                                                  13-541 (Con)

ST. MICHAEL'S COLLEGE, LOGAN R. SPILLANE,
CHRISTOPHER HARDY,

                    <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      JOHN D. HAYWOOD, <u>pro se</u>, Durham,
                              North Carolina.

FOR DEFENDANT-APPELLEE        WILLIAM SCOTT FEWELL, Angela R.
ST. MICHAEL'S COLLEGE:        Clark, <u>and</u> Jeffrey James Nolan,
                              Dinse, Knapp & McAndrew, P.C.,
                              Burlington, Vermont.

FOR DEFENDANTS-APPELLEES          WILLIAM BROWNLOW TOWLE, Ward &
SPILLANE & HARDY:                 Babb, South Burlington, Vermont
                                  and William Scott Fewell, Dinse,
                                  Knapp & McAndrew, P.C.,
                                  Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Conroy, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant John D. Haywood, a former attorney proceeding pro se, appeals from a judgment entered January 11, 2013 in favor of defendants-appellees. By opinion and order filed December 14, 2012, the district court granted defendants-appellees' motions to dismiss Haywood's libel complaint and to strike his complaint pursuant to Vermont's anti-Strategic Lawsuits Against Public Participation statute, 12 V.S.A. § 1041 (the "anti-SLAPP"), and ordered Haywood to pay all costs and attorneys' fees incurred by defendants pursuant to 12 V.S.A. § 1041(f)(1). We assume the parties' familiarity with the facts, procedural history, and issues for review.

We first note that the arguments in Haywood's brief on appeal are limited to whether he stated a claim of libel under state law and whether the district court properly applied the standard set forth in New York Times Co. v. Sullivan, 376 U.S.

- 2 -

254 (1964).  Accordingly, we need not consider, inter alia, whether the district court properly applied the anti-SLAPP, as Haywood has waived any arguments on appeal relating to that issue.  See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (explaining that although "appellate courts generally do not hold pro se litigants rigidly to the formal briefing standards . . . . [courts] need not manufacture claims of error for an appellant proceeding pro se").

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

After an independent and de novo review in light of these principles, we conclude that Haywood's appeal from the dismissal of his state law libel claims is without merit for

- 3 -

substantially the reasons stated by the district court in its opinion and order.

Haywood contends that he was libeled by two freshman students at Saint Michael's College in Colchester, Vermont (the "College"), who, as an assignment for a course, created a candidate profile of Haywood, as one of twenty-seven lesser known candidates running in the New Hampshire presidential primary, which their professor then posted on the College's website a week before the primary with the profiles of the other candidates. The alleged falsehoods were at worst minor inaccuracies as to his policy positions. Moreover, as the district court held, even assuming that the profile contained incorrect statements, the complaint simply does not plausibly allege that these students or the College acted with actual malice.

We have considered Haywood's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -